## SELAH *vs.* SELAH.

1. This court has the power to declare a contract of marriage void, when entered into under circumstances that make such contract invalid.

2. When a marriage is sought to be declared void on the ground of the party's intoxication at the time of the ceremony, and that it was not consummated by cohabitation, the proceeding must be by bill, and not by petition.

3. Where the marriage is not one declared originally void by the statute, and the case is one which cannot be considered within its provisions, as included in the term void, the suit must be by bill.

4. Where the object of the suit is to declare a marriage contract void, for some cause not provided for in the act, the provision that the defendant shall not answer under oath, does not apply.

On petition for divorce, and master's report upon reference.

*Mr. Hugg,* for petitioner.

THE CHANCELLOR.

The object of the petitioner is to have a marriage, by a ceremony gone through when the petitioner was so much intoxicated that he did not comprehend what was taking place, and not consummated or followed by cohabitation, declared void.

In the case of *McClurg* v. *Terry,* 6 *C. E. Green* 225, it was held that this court has the power not only to dissolve legal contracts, which is the proper meaning of the word divorce, as used in the Constitution and statutes on the subject, but also to declare contracts of marriage void when entered into under circumstances that make such contracts invalid. The present case is not one of those enumerated in the statute where the contract is originally void, and cannot be considered within its provisions concerning divorces, as included in that term.

In McClurg v. Terry, the power to decree a marriage void was held to be in this court, because it was analogous to the

power of divorce vested in it by statute, and if not in this court it exists nowhere. But it cannot be held to be included in the provisions of the divorce act authorizing proceedings by petition. Nor does the decision in that case hold that this court has power to dissolve a marriage actually entered into, but only that it has power to declare that such contract was never legally made. The proceeding in such case must be according to the established practice of the court—by bill. And for the same reason, the provision that the defendant shall not answer under oath, should not apply to cases like this, where the object is to declare the marriage void for some cause not provided for in the act.